UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | } | |
| TWYLER WALKER, | } | |
| | } | Case No. 08-41990-JJR-13 |
| Debtor. | } | |

| | | |
|---|---|---|
| TWYLER WALKER, | } | |
| | } | |
| Plaintiff, | } | |
| v. | } | Adv. P. No. 09-40020-JJR |
| | } | |
| HYUNDAI MOTOR FINANCE CO., | } | |
| a corporation, | } | |
| | } | |
| Defendant. | } | |

## OPINION ON MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on the Motion for Summary Judgment (AP Doc. 14, and herein, the "SJ Motion") filed by defendant, Hyundai Motor Finance Co. ("Hyundai"). The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); therefore, the Court has authority to enter a final order. In compliance with Rule 7052(a) of the Federal Rules of Bankruptcy Procedure, the following shall constitute the Court's findings of fact and conclusions of law.[1] For the reasons stated below, the Court is granting the SJ Motion.

This adversary proceeding was commenced when the debtor-plaintiff, Twyler Walker ("Walker") filed her Complaint (AP Doc. 1) claiming Hyundai had violated the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and Regulation Z, 12 C.F.R. § 226. Walker alleged

---

[1] All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

that the "Processing Fee" of $199.95 collected by Hyundai's assignor, Superior Hyundai, when she purchased and financed a new 2005 Hyundai Sonata, should have been included in the finance charges, and used in calculating the APR on the TILA disclosure statement.[2]

Hyundai's SJ Motion was supported by the affidavit of P. L. Anderson, Superior's finance and insurance manager. According to Anderson, Superior always collected the Processing Fee in the same amount from all customers, regardless of whether they paid cash or financed their purchase.

In the Response (AP Doc. 18) to the SJ Motion, Walker stated that "there was still an ambiguity in the contract." At the hearing on the SJ Motion, Walker's counsel argued that the ambiguity arose because the paragraph of the Contract entitled "ADDITIONAL FINANCE CHARGE" stated "You agree to pay a processing fee of $ N.A. "; however, in the column entitled "ITEMIZATION OF AMOUNT FINANCED" there was a line-item that stated "Processing Fee Paid to Seller $199.95." In other words, in one part of the Contract Walker was told the Processing Fee was "N.A." (i.e. not applicable), but in another the fee was disclosed as being paid to the seller and included in the amount being financed.

Whether ambiguity exists is a question of law to be determined by the trial court. *Kelmore, LLC v. Alabama Dynamics, Inc.*, No. 1050479, 2009 WL 886503, at *5 (Ala. Apr. 3, 2009). A contract "'is unambiguous if only one reasonable meaning clearly emerges.'" *McLemore v. Hyundai Motor Mfg. Alabama, LLC*, 7 So. 3d 318, 328 (quoting *Vainrib v. Downey*, 565 So. 2d 647, 648 (Ala. Civ. App. 1990)). "'[J]ust because the parties allege different constructions of an agreement,

---

[2]The Contract and Security Agreement dated March 19, 2005 (the "Contract") covering the sale and financing of the Sonata was attached to the Complaint. The seller was Superior Hyundai of Anniston, Alabama, which assigned the Contract to Hyundai on the same date. The TILA disclosures are set forth on the face of the Contract.

2

it does not necessarily mean that the agreement is ambiguous.'" *McLemore*, 7 So. 3d at 328 (quoting *Yu v. Stephens*, 591 So. 2d 858, 859-60 (Ala.1991)).

The Bankruptcy Court for the Middle District of Alabama recently considered whether a "processing fee" should have been treated as a finance charge under TILA. *Matthews v. Johnson*, AP No.07-01005-DHW, 2007 WL 1589553, at *1 (Bankr. M.D. Ala. June 1, 2007). Examining the definition of "finance charge" found in 15 U.S.C. § 1605(a), Judge Williams noted that a finance charge as referred to in TILA is "a charge imposed by the creditor which is 'incident to the extension of credit.'" *Id.* at *2 (quoting 15 U.S.C. § 1605(a)). Because the uncontroverted evidence showed that the processing fee in question was charged on all of the dealership's transactions regardless of whether the sale was made using cash or credit, the *Matthews* court held that the exclusion of the processing fee from the finance charges did not violate TILA. *Id.*

If the Processing Fee charged to Walker was incident to financing, then TILA would require that it be included in the finance charges and used in the calculation of the APR, and not included in the amount financed. 12 C.F.R. § 226.18(b). However, the evidence shows it was not incident to financing, so its inclusion as an "ADDITIONAL FINANCE CHARGE" would have been incorrect. It was correctly disclosed in the "ITEMIZATION OF AMOUNT FINANCED" along with the sale price, down payment and other items not incident to financing. The calculations contained in the "ITEMIZATION OF AMOUNT FINANCED," including the addition of the Processing Fee, correctly disclosed $16,000.00 as the amount financed. The principal amount of the debt under the Contract was shown as $16,000.00 and the "Amount Finance" block in the TILA disclosure correctly disclosed $16,000.00.

A closer look at the Contract in this case convinces the Court that, although Hyundai could

3

have used terminology to better differentiate between a processing fee that was a finance charge and one that was not, the same did not render the Contract ambiguous or misleading to an ordinary consumer who was financing his or her purchase of an automobile.[3] The disclosures in the Contract with regard to the Processing Fee satisfied the requirements of TILA and Regulation Z.

It has been said that "TILA litigation is becoming a game of 'gotcha' with the 'unwary' credit consumer (or his attorney) holding many wild cards, the 'sophisticated' money lender holding more rules and regulations than guiding instructions, and the 'hypertechnical' federal bench holding up its hands in submission." *Shroder v. Suburban Coastal Corp.*, 729 F.2d 1371, 1386 (11th Cir. 1984) (Hill, J., dissenting). This Court tends to agree. Summary judgment is due to be granted in favor of Hyundai.

A separate order in conformity with this Opinion shall be entered in accordance with Rule 9021.

Dated: October 27, 2009

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

---

[3] No doubt the Contract is a form prepared by Hyundai for use by all its dealers who assign such contracts after the sale is closed. Perhaps some of Hyundai's dealers charge a Processing Fee only to customers who finance their purchase, in which case the fee would be an "ADDITIONAL FINANCE CHARGE" and included in the TILA disclosed finance charge and in calculating APR, while other dealers, like Superior, charge the fee to all customers, whether cash or credit. This may be the reason the term "processing fee" appeared in two parts of the Contract and was an effort to accommodate both situations. Admittedly, a better worded contract and disclosure could have used different terms to describe a processing fee charged in connection with financing, and one charged to all customers regardless of whether they paid cash or financed their purchase. Nonetheless, TILA and Regulation Z do not penalize a creditor for not selecting the best wording for their credit agreements so long as their language is accurate and can be understood by an ordinary consumer. The Contract in this case passes that test.